UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHNNY BEDELL,

        Plaintiff,

  - against -

PHILLIPS WILLIAM, Superintendent,

        Defendant.
----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-06-0121 (BMC)

**COGAN, District Judge.**

  This is a habeas corpus petition under 28 U.S.C. §2254 challenging the petitioner's conviction after a bench trial for kidnapping, sodomy, rape, criminal contempt, and assault, for which he was sentenced to twenty years to life on the kidnapping count and concurrent sentences on the other counts. I assume familiarity with the facts. Petitioner raises four claims: (1) counsel was ineffective for failing to seek a Huntley hearing to exclude a post-arrest statement that petitioner made to the police; (2) the State failed to prove his guilt beyond a reasonable doubt and the verdict was against the weight of the evidence; (3) Petitioner's conviction was based on an erroneous factual determination by the trial judge, as evidenced by a statement the judge made at sentencing; and (4) the grand jury indictment was based on perjured testimony.[1] Each of the four claims is addressed below.

---

[1] Petitioner also indicates that he has one unexhausted claim based on the alleged failure of the state to turn over Rosario material. This claim is procedurally barred. Petitioner argues that he had cause for his failure to exhaust because he received a form letter from the DA's office dated August 15, 2005, notifying him that the government had recently instituted a policy of turning over e-mails pursuant to its Rosario obligations in cases in which they exist. However, once petitioner received the notice, he failed to attempt to raise the issue by motion in state court, and has not established cause for not doing so. Moreover, he has

1. Ineffective Assistance

The affidavit submitted by petitioner's trial counsel makes it clear that counsel was pursuing a deliberate trial strategy in not seeking exclusion of petitioner's statement. Trial counsel considered the facts overwhelming, and there is abundant support for that conclusion, including multiple eyewitnesses, some of whom were disinterested, as well as DNA evidence, that petitioner had been with the complainant at or about the time she alleged. Counsel's plan was to try to eliminate the kidnapping charge in favor of an assault charge because the sentence for the kidnapping charge was much heavier (20 years to life as opposed to a maximum of seven years). Petitioner's statement to the police at least partially corroborated the defense theory that their encounter was consensual and that it was only after they had an argument that he assaulted her, so that there was no kidnapping.

True, the statement had its own inconsistencies with the other witness' testimony, but trial counsel made the determination that in the main, it gave petitioner the opportunity to put forward the defense theory without exposing petitioner to cross-examination. He was able to adduce both admissions from the complaining witness and testimony from the eyewitnesses that might have corroborated this theory. Based on the overwhelming evidence, trial counsel was correct that it would have been pointless, and likely prejudicial, to deny that petitioner was with the complainant, as he confirmed in his statement.[2]

---

not pointed to any prejudice that resulted. Petitioner's appellate counsel indicated by letter that there were unlikely to be any e-mails that constituted Rosario material pertaining to petitioner's case.

[2] In his state court appeal, petitioner claimed that his trial counsel objected to his statement "on the wrong grounds." A review of the record demonstrates clearly that the objection was tactical; trial counsel knew that the statement would be admitted, but wanted to use the opportunity to object to press his point that the petitioner denied the charges in the statement, and that overall, it was not incriminating.

2

A deliberate strategic decision on the part of trial counsel does not constitute ineffective assistance unless it falls below an objective standard of reasonableness, which this does not. U.S. v. Arena, 180 F.3d 80, 396-97 (2d Cir. 1999). In addition, given other evidence adduced at the trial, it would be pure speculation to conclude that the outcome would have been different without the introduction into evidence of petitioner's statement. The likelihood of acquittal but for counsel's mistakes is an essential element of an ineffective assistance claim. Strickland v. Washington, 466 U.S. 668, 692-93, 104 S.Ct. 2052, 2067-68 (1984).

Finally, petitioner has offered no grounds as to why the statement, given after proper Miranda warnings when petitioner voluntarily surrendered to police, would have been excluded if his attorney had pressed for that. There are at least two signed Miranda forms in the record, and the testimony is undisputed that petitioner was fully apprised of his rights. A request for a Huntley hearing would have been futile.

The state courts rejected this claim on the merits, and thus it can only be the subject of relief if it is contrary to a Supreme Court decision or if the state courts' decision results from an unreasonable application of Supreme Court caselaw. 28 U.S.C. §2254(d)(1). The state courts' decision was correct. Accordingly, petitioner's claim that his conviction was tainted by ineffective assistance of counsel is rejected.

Petitioner also makes passing reference to ineffective assistance by appellate counsel for failing to raise the issue of allegedly perjured testimony before the grand jury. Petitioner did not raise this issue in state court in a writ of error coram nobis, as he is required to do in order to exhaust the claim, nor shown any cause in this Court for his default. Therefore, the claim is not cognizable on federal review. In any case, as

discussed below, petitioner's claim regarding the grand jury testimony does not amount to constitutional error.

2. Insufficient Evidence or Verdict Against the Weight of the Evidence

This issue was also disposed of on the merits in the state courts and thus it is subject to the narrow standard of review in §2254(d)(1).

There was ample evidence for each of the elements of the charges of which petitioner was convicted. On the kidnapping charge, witnesses testified that petitioner threw the complainant in his associate's car; that he threatened her with physical force; that he kept her in place where she would not likely be found; and that he detained her under threat of force for more than twelve hours. There was also direct and circumstantial evidence of petitioner's intent to injure her and sexually abuse her. On the sodomy charge, there was testimony that petitioner forced the complainant to engage in proscribed conduct with him while threatening physical force. On the rape charge, there was testimony by the complainant that petitioner raped her multiple times during the period of her detention, and the rape kit confirmed sexual contact with petitioner. On the assault charge, there was medical evidence that petitioner beat her, and the extent of her injuries was confirmed by medical evidence.

All that petitioner has done is point to inconsistencies in the complainant's trial and grand jury testimony or her statement to police in her hospital bed, where she lay recovering from the grievous injuries inflicted upon her by petitioner, and highlighted the complainant's drug problem, which was well-established at trial. The fact that the trial judge weighed these instances in a manner that is unfavorable to petitioner is not

sufficient for this Court to conclude as a constitutional matter that the verdict was against the weight of the evidence. Petitioner is not entitled to relief on this claim.

3. Alleged Mistake by Trial Judge

This issue was also disposed of on the merits in the state courts and thus it is subject to the narrow standard of review in §2254(d)(1).

At petitioner's sentencing, when petitioner protested that his indictment was the result of the perjured testimony before the Grand Jury, the sentencing judge asked him, "The two independent people who witnessed you raping her at the gas station in the automobile, that is not kidnapping in your mind? Was that perjured testimony by the two people?" In fact, there was no evidence that petitioner committed the rape in the automobile at the gas station; the evidence showed that he raped her in the deserted house.

This colloquy was not a finding of fact. The trial judge simply made a mistake at the time of sentencing by saying "raping" instead of "taking." Indeed, in light of the trial court's reference to "kidnapping" in the same sentence, it seems likely that the word "raping" instead of "taking" in the transcript may have merely been a transcription error. Either way, it is not a basis for habeas corpus relief.

4. Perjured Testimony to the Grand Jury

This claim has not been raised on appeal in the state courts and thus is unexhausted. However, it is not necessary to stay this petition pending exhaustion, because petitioner has procedurally defaulted on the claim. As the sentencing colloquy shows, and as petitioner concedes in this petition by stating that he filed a motion pursuant to C.P.L. § 330.30 prior to sentencing asserting this argument, petitioner was

5

aware at trial that the complainant contradicted elements of her grand jury testimony. This issue is thus apparent on the trial record, and had to be raised on direct appeal, not by § 440.10 motion, under New York criminal procedure law. A New York court could not base § 440.10 relief on a claim that could have been raised on direct appeal. This Court could only hear the claim if it would be outcome determinative or if the failure to consider it would cause a fundamental miscarriage of justice.

That cannot be the case with regard to a claim of grand jury impropriety where a petit jury or trial judge as finder of fact has convicted the defendant. In other words, even if perjured testimony occurred before the grand jury, the trier of fact heard all of the evidence, including any inconsistency with grand jury testimony that defendant raised, and still determined to convict, thus negating the effect of any testimony before the grand jury. U.S. v. Eltayib, 88 F.3d 157, 173 (2d Cir. 1996); Lopez v. Riley, 865 F.2d 30 (2d Cir. 1989). The claim is therefore rejected here on the merits and as procedurally defaulted.

## CONCLUSION

For the reasons set forth above, the petition is denied. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c).

**The Clerk of the Court is directed to mail a copy of this Order to petitioner** *pro se.*

**SO ORDERED.**

/s/(BMC)

Dated: Brooklyn, New York
      May 29, 2007

U.S.D.J.